**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| CROWN BANK,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as RECEIVER of FIRST BANKAMERICANO, and FEDERAL DEPOSIT INSURANCE CORPORATION in its corporate capacity,<br><br>　　　　　　　Defendants. | Civil Action No.: 2:15-cv-3629-CCC-MF<br><br>OPINION |

**CECCHI, District Judge.**

## I.　INTRODUCTION

This matter comes before the Court on the motion of Defendant Federal Deposit Insurance Corporation ("FDIC") in its corporate capacity ("FDIC-Corporate") to dismiss the Complaint of Plaintiff Crown Bank ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 32. Plaintiff opposes the motion. ECF No. 35. No oral argument was heard. *See* Fed. R. Civ. P. 78. For the reasons set forth below, FDIC-Corporate's motion is denied.

## II.　BACKGROUND

This action is an accounting dispute arising out of Plaintiff's acquisition of a failed bank's assets and liabilities from the FDIC in its capacity as receiver (the "Receiver") of the failed bank – First BankAmericano. The following facts are accepted as true for purposes of the instant motion. On July 31, 2009, Plaintiff, FDIC-Corporate, and the Receiver entered into a Purchase and Assumption Agreement (the "P&A Agreement"). Amended Complaint ("Compl."), ECF No.

1

28 ¶ 1. Through the P&A Agreement, Plaintiff "acquired from the Receiver substantially all of the assets of, and certain liabilities of, First BankAmericano," a failed bank. *Id.* ¶ 2. Because the assets of First BankAmericano were less than its liabilities, Article VII of the P&A Agreement provides that upon the closing of the transaction, "the Corporation will pay to the Assuming Bank . . . the Initial Payment." *Id.* ¶ 30-31; P&A Agreement, ECF No. 28-1. "Such Initial Payment," as defined in Article I of the P&A Agreement, was "subject to adjustment as provided in Article VIII." ECF No. 28-1. Section 8.1 provides that the Receiver "shall provide to [Plaintiff] a pro forma statement reflecting any adjustments of such liabilities and assets as may be necessary." Section 8.3 provides that the "Receiever agrees to cause to be paid to [Plaintiff] . . . a payment in an amount which reflects net adjustments . . . made pursuant to Section 8.1 . . . ." *Id.* As of this date, the Receiver has failed to make adjustments for a number of loans and accounts, as detailed in the Amended Complaint, and FDIC-Corporate has failed to make payments for such adjustments. Compl. ¶¶ 40-93, 114.

Plaintiff initiated the instant action against FDIC-Corporate and the Receiver on May 29, 2015. ECF No. 1. Plaintiff filed an Amended Complaint on June 27, 2016. ECF No. 28. Plaintiff alleges the following claims: breach of contract against the Receiver and FDIC-Corporate (Counts I and II); breach of the covenant of good faith and fair dealing against the Receiver (Count III); and declaratory judgment against FDIC-Corporate (Count IV). FDIC-Corporate filed the instant motion to dismiss on July 25, 2016 seeking to dismiss Counts II and IV. ECF No. 32. Plaintiff filed an opposition on August 25, 2016, ECF No. 35, and FDIC-Corporate filed a reply on September 1, 2016. ECF No. 36.

### III. <u>LEGAL STANDARD</u>

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Further, "[a] pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

### IV. <u>DISCUSSION</u>

FDIC-Corporate moves to dismiss the claims of breach of contract and declaratory judgment pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff failed to state a claim upon which relief can be granted. The Court will address each claim in turn.

3

## A. Breach of Contract

Plaintiff's Complaint asserts FDIC-Corporate[1] breached its obligations under the P&A Agreement. The Complaint alleges the P&A Agreement requires FDIC-Corporate to make the "Initial Payment," which as defined in Article I, "shall be subject to adjustment as provided in Article VIII." Compl. ¶¶ 33-34. The Complaint asserts FDIC-Corporate breached the P&A Agreement because it "has failed to adjust the amount of its Initial Payment, as required by the P&A Agreement," and "FDIC-Corporate has failed to cooperate with Crown in order to carry out the transactions contemplated by the P&A Agreement." Compl. ¶ 114-15.

To state a claim for breach of contract, Plaintiff must allege four factors: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing from there; and (4) that the party stating the claim performed its own contractual obligations."[2] *Gordon v. United Continental Holding, Inc.*, 73 F. Supp. 3d 472, 478 (D.N.J. 2014). FDIC-Corporate argues Plaintiff fails to state the second element of the claim: a breach of the contract. Defendant's Brief ("Def. Br."), ECF No. 32 at 17. Specifically, FDIC-Corporate argues (a) Plaintiff has not sufficiently stated

---

[1] As a preliminary matter, FDIC-Corporate and the Receiver are separate legal entities, which cannot be held liable for the obligations of the other. *See Miller v. FDIC*, 738 F.3d 836, 838 n.1 (7th Cir. 2013) ("It is well-settled that the FDIC operates in two separate and legally distinct capacities, each with very different responsibilities."). "The responsibility of the FDIC as receiver is to 'wind[] up the affairs of failed institutions, including selling assets and paying creditors' claims,' whereas FDIC Corporate 'functions as an insurer of bank deposits, and is charged with paying the insured deposits of failed banks within a reasonable time.'" *Id.* (quoting *DeCell & Assocs. v. FDIC*, 36 F.3d 464, 469 (5th Cir. 1994)).

[2] Section 13.4 of the P&A Agreement provides that the P&A "shall be governed by and construed in accordance with the federal law of the United States of America, and in the absence of controlling federal law, in accordance with the laws of the state in which the main office of the failed bank is located." ECF No. 28-1. As the failed bank was located in New Jersey, a breach of contract claim is typically governed by state law, and neither party has advocated otherwise, the Court will apply New Jersey contract law.

4

factual allegations against FDIC-Corporate, and (b) Plaintiff has not sufficiently stated that FDIC-Corporate had a duty under the P&A Agreement which was breached. *Id.* at 14-17.

The Court finds the Complaint contains sufficient factual matter to state a plausible claim that FDIC-Corporate breached the P&A Agreement. Specifically, Plaintiff alleges the P&A Agreement requires FDIC-Corporate to pay the Initial Payment, which is defined to include adjustments as provided by Article VIII. Compl. ¶ 34. The Complaint then details multiple accounting disputes for which "FDIC Corporate has failed to adjust the amount of its Initial Payment, as required by the P&A Agreement." Compl. ¶¶ 40-93, 114. Further, Plaintiff alleges "FDIC-Corporate has failed to cooperate with Crown" as required by Section 9.1 of the P&A Agreement. Compl. ¶ 115; ECF No. 28-1. Taken together, these allegations sufficiently identify specific obligations created by the P&A Agreement and state that these duties were breached by FDIC-Corporate. Accordingly, FDIC-Corporate's motion to dismiss Count II is denied.

### B. Declaratory Judgment

Plaintiff's Complaint "requests a declaratory judgment that once the Receiver is obligated to correct the errors and omissions complained of . . . FDIC-Corporate is obligated to adjust the 'Initial Payment' amount made to Crown and make such payments to Crown as are necessary to account for such adjustments." Compl. ¶ 130. Plaintiff argues that even though FDIC-Corporate's liability may be legally contingent, depending on the resolution of the claims between the Receiver and Plaintiff, a claim for declaratory judgment is appropriate at this time "in order to avoid later piecemeal litigation." Plaintiff's Opposition ("Pl. Opp."), ECF No. 35 at 14-16.

The Declaratory Judgment Act "permits a federal court the discretion to 'declare the rights and other legal relations of any interested party seeking such declaration,' when there is a 'case of actual controversy.'" *Abraham v. Del. Dep't of Corr.*, 331 F App'x 929, 931 (3d Cir. 2009) (citing

28 U.S.C. § 2201(a)). To determine whether a declaratory judgment claim is ripe for review, the Third Circuit has identified three factors for courts to analyze: (1) the "adversity of the interest of the parties," (2) "the conclusiveness of the judicial judgment," and (3) the "practical help, or utility, of that judgment." *Step-Saver Data Sys., Inc. v. Wyse Tech.*, 912 F.2d 643, 647 (3d Cir. 1990).

FDIC-Corporate moves to dismiss the claim for declaratory judgment because "a declaratory judgment is a form of relief, not a separate cause of action, and therefore the Amended Complaint presents a single substantive claim against FDIC-Corporate – a breach of the P&A" Agreement. Defendant's Reply, ECF No. 36 at 2 n.2. FDIC-Corporate argues that should the Court dismiss the breach of contract claim, the claim for declaratory judgment must also be dismissed. *Id.* Here, since the breach of contract claim against FDIC-Corporate has not been dismissed, the Court finds the parties' interests sufficiently adverse to maintain a claim for declaratory relief.

As Plaintiff explains, although FDIC-Corporate's "obligation to make payment is contingent on the Receiver's obligation to make the required adjustments," a substantial controversy exists because FDIC-Corporate "contends that even if the Receiver is liable for the adjustments, it has no obligation to make payment to Crown." Pl. Opp. at 14. The Third Circuit has found parties' interests sufficiently adverse in the case of enforcement of an indemnity agreement or an insurance contract. *See Pittsburgh Mack Sales & Service. v. International Union of Operating Engineers, Local Union No. 66* 580 F.3d 185 (3d Cir. 2009); *see also Parker McCay, P.A. v. Hartford Fire Ins. Co.*, 2012 U.S. Dist. LEXIS 151886, *6 (D.N.J. Oct. 23, 2012). Similarly, here, Plaintiff is seeking to enforce payment pursuant to a contract governing the underlying dispute. Where FDIC-Corporate has received notice that it will be held liable for the

adjustments in the P&A Agreement and it has explicitly denied any liability, the Court finds the parties' interests are sufficiently adverse.

Moreover, the second two factors are also met here. A judicial judgment declaring that FDIC-Corporate is required to pay for adjustments made by the Receiver would finally and conclusively resolve this issue. Further, there is practical utility in resolving FDIC-Corporate's liability pursuant to the P&A Agreement, as the parties' actions are likely to be affected by the outcome. *See NE Hub Partners, L.P. v. CNG Transmission Corp.*, 239 F.3d 333, 344-45 (3d Cir. 2001); *News Am. Mktg. In-Store Servs., LLC v. Floorgraphics, Inc.*, No. 12-1976 (WJM), 2012 U.S. Dist. LEXIS 175661, at *9 (D.N.J. Dec. 12, 2012). Accordingly, the Court finds the declaratory judgment claim is ripe for adjudication.

## V.     CONCLUSION

For the reasons set forth above, FDIC-Corporate's motion to dismiss is denied. An appropriate Order accompanies this Opinion.

**Date:** March 16, 2017

_____
CLAIRE C. CECCHI, U.S.D.J.