NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CROWN BANK, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL DEPOSIT INSURANCE CORPORATION, in its capacity as RECEIVER of FIRST BANKAMERICANO, and FEDERAL DEPOSIT INSURANCE CORPORATION in its corporate capacity, <br><br> Defendants. | Civil Action No.: 2:15-cv-3629-CCC-MF <br><br> OPINION |

**CECCHI, District Judge.**

I. **INTRODUCTION**

This matter comes before the Court on the motion of Defendant Federal Deposit Insurance Corporation ("FDIC") in its capacity as receiver ("FDIC-Receiver") for summary judgment pursuant to Federal Rule of Civil Procedure 56. ECF No. 37. Plaintiff Crown Bank ("Plaintiff" or "Crown Bank") opposes the motion. ECF No. 41. Also before the Court is Plaintiff's cross-motion for discovery. *Id.* No oral argument was heard. *See* Fed. R. Civ. P. 78. For the reasons set forth below, FDIC-Receiver's motion for summary judgment is denied and Plaintiff's cross-motion for discovery is granted.

II. **BACKGROUND**

This action is an accounting dispute arising out of Plaintiff's acquisition of the assets and liabilities of a failed bank, First BankAmericano (the "Failed Bank") from the FDIC in its capacity as receiver of the Failed Bank. On July 31, 2009, Plaintiff, the FDIC in its corporate capacity

1

("FDIC-Corporate") and FDIC-Receiver entered into a Purchase and Assumption Agreement (the "P&A Agreement") with Crown Bank. *See* Defendant FDIC-Receiver's Local Civil Rule 56.1(a) Statement of Material Facts Not in Dispute ("DSMF"), ECF No. 37-2 ¶ 7; Plaintiff Crown Bank's Local Civil Rule 56.1(a) Responsive ("PRSMF") and Supplemental Statement of Material Facts ("PSSMF"), ECF No. 41-1 ¶ 7. Through the P&A Agreement, Plaintiff acquired from FDIC-Receiver certain assets and liabilities of the Failed Bank. *See* P&A Agreement, ECF No. 41-4. The P&A Agreement provides, *inter alia*, that Crown Bank had an exclusive option to accept an assignment of any or all leases for the Failed Bank's premises. P&A § 4.6(b). If Crown Bank decided not to accept the assignment, it was required to provide notice to FDIC-Receiver of its decision within 180 days after the closing. *Id.* § 4.6(g)(ii). If Crown Bank failed to provide notice, FDIC-Receiver contends Crown Bank would be deemed to have assumed all leases, obligations, and liabilities for the Failed Bank's premises, including the obligation to reimburse FDIC-Receiver for the security deposits and to purchase all of the furniture, fixtures, and equipment ("FF&E") owned by the Failed Bank and located thereon. *Id.* §§ 4.6(f), (g)(ii). Crown Bank failed to provide notice of its intention to vacate the Failed Bank's premises in Roselle, West New York, and Union City, thereby, FDIC-Receiver argues, Crown Bank invoked its obligation to assume the leases for these premises, to reimburse FDIC-Receiver for the security deposits, and to purchase all FF&E owned by Failed Bank at such premises. *See* DSMF ¶¶ 23-24, 43; PRSMF ¶¶ 23-24, 43.

To date, Crown Bank has not paid the amount demanded by FDIC-Receiver for the rent for the Failed Bank's Harrison, New Jersey premises, certain security deposits, and FF&E. *Id.* ¶ 41, 45. Pursuant to the P&A Agreement, the purchase price for the FF&E is Fair Market Value ("FMV"), and Crown Bank agreed to pay market rental value for the leased premises. *See* P&A § 4.6(e)(i); Schedule 3.2. Pursuant to the terms of the P&A Agreement, the Parties agreed to the

appointment of Cost Recovery Solutions, LLC to determine the market value of these, and other, items. DSMF ¶ 19; PRSMF ¶ 19. On October 26, 2009, PGP Valuation Inc., on behalf of the FDIC, sent a letter to Robert Rahner at Cost Recovery Solutions, LLC to engage their services for the Appraisal. *See* ECF No. 19-3. The letter stated: "PGP on behalf of the FDIC is your client and unless authorized, you may not disclose any confidential data, including the value conclusion, to anyone other than the undersigned . . . ." *Id.* Crown alleges that along with this letter, FDIC-Receiver exercised control over the Appraisal process, including questioning the Appraiser's conclusions, conducting improper *ex parte* discussions, and causing the appraiser to issue a "revised" appraisal more than doubling its initial valuation.[1] *See* PSSMF ¶ 11. Crown takes issue with these contacts, alleging that "[t]hese discussions and agreements were not in keeping with the neutral and independent valuation of the assets contemplated by the" P&A Agreement. *Id.* ¶ 18.

Based upon the Appraisal, Crown Bank was to pay $195,770 for the purchase of the FF&E, which, to date, Crown Bank has not paid. DSMF ¶¶ 25-26; PRSMF ¶¶ 25-26. Additionally, it is undisputed that Crown Bank removed some FF&E before vacating the Failed Bank's premises in Elizabeth, New Jersey. *Id.* ¶ 28. The Parties do not agree on which items were taken, nor the purchase price of this FF&E due to the Appraisal dispute. *Id.* ¶ 29. Due to the Appraisal, Crown Bank also disputes the amount owed for unpaid rent for the Failed Bank's premises in Harrison, New Jersey. *Id.* ¶ 39. Lastly, in regards to the Appraisal, Crown Bank disputes its obligation to pay half of the Appraisal fee as required by the P&A Agreement, Art. I., which FDIC-Receiver alleges amounts to $4,325.00. *See* DSMF ¶ 34; PRSMF ¶ 34.

---

[1] The first valuation used the method of "value-in-exchange" which "implies the value at which assets would sell on a piecemeal basis," and the second valuation used the method of "value-in-use" which "is the value in assets used in an operating business and reflects the extent to which the underlying assets contribute to the profitability of the business enterprise." *See* ECF Nos. 41-5, 41-6.

3

The Parties further dispute the following three loans: 544-546 LLC, Mika Property, and C.O. Jones Operations. *See id.* ¶¶ 50-68. The 544-546 LLC and Mika Property loans were acquired by Crown Bank pursuant to the P&A Agreement. *Id.* ¶ 54. The P&A Agreement states: "Any loan purchased by the Assuming Bank . . . which the Failed Bank charged off[2] during the period from June 10, 2009 to Bank Closing [July 31, 2009] shall be deemed not to be charged off for the purposes of the pro forma statement," which was to reflect any adjustments to the initial assessment of the Failed Bank's assets and liabilities. P&A § 8.1. The Parties dispute when the charge offs occurred. Crown alleges that the information provided for its due diligence indicated these loans had been charged off prior to June 10, 2009, and therefore, the charge offs were FDIC-Receiver's responsibility. *See* ECF No. 41 at 23. FDIC-Receiver alleges that because the Failed Bank charged off the disputed loans between June 10, 2009 and July 31, 2009, they were deemed not to be charged off for the purposes of the pro forma statement, and were Crown Bank's responsibility. *See* DSMF ¶ 54. The total value of these charge offs is approximately $390,000. *See* PSSMF ¶ 27-29; Defendant FDIC as Receiver's Response Pursuant to Local Civil Rule 56.1(a) to Crown Bank's Supplemental Statement of Material Facts, ECF No. 45-1 ¶ 27-29.

As to the C.O. Jones Operations loan, the Parties dispute whether the loan was among those included in the "virtual data room," which was made available to all potential bidders regarding information on the loans held by the Failed Bank. *See* DSMF ¶¶ 57-58, 64; PRSMF ¶¶ 57-58, 64. Due to this issue, the Parties dispute whether Crown Bank is liable for the C.O. Jones Operations

---

[2] "A charge-off is defined as '[treating] (an account receivable) as a loss or expense because payment is unlikely; to treat as a bad debt.'" *Conquest v. WCM Mortg. Corp.*, No. 16-03604, 2017 U.S. Dist. LEXIS 47463, at *14 (E.D. Pa. Mar. 29, 2017) (quoting *Charge-Off* Black's Law Dictionary (10th ed. 2010)).

loan. FDIC-Receiver states that the value of the C.O. Jones Operations loan is $1,617,713,75. DSMF ¶ 67.

Plaintiff initiated the instant action against the FDIC in its corporate capacity ("FDIC-Corporate") and FDIC-Receiver on May 29, 2015. ECF No. 1. Plaintiff filed an Amended Complaint on June 27, 2016. ECF No. 28. Plaintiff alleges the following claims: breach of contract against FDIC-Receiver and FDIC-Corporate (Counts I and II); breach of the covenant of good faith and fair dealing against FDIC-Receiver (Count III); and declaratory judgment against FDIC-Corporate (Count IV).[3] On July 25, 2016, FDIC-Receiver filed an answer to the Amended Complaint and Counterclaims against Plaintiff. ECF No. 31. FDIC-Receiver alleges fourteen Counterclaims against Crown Bank, including: breach of contract, unjust enrichment, conversion, and breach of implied covenant of good faith and fair dealing. *See id.* On November 1, 2016, FDIC-Receiver filed a motion for summary judgment as to all Counterclaims and for Count I in the Amended Complaint. ECF No. 37. On November 5, 2016, Plaintiff filed an opposition to the summary judgment motion and a cross-motion for discovery. ECF No. 41.

### III. **LEGAL STANDARD**

Summary judgment is appropriate if the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials" demonstrate that there is no genuine issue as to any material fact, and, construing all facts and inferences in a light most favorable to the non-moving party, "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986).

---

[3] FDIC-Corporate filed a motion to dismiss on July 25, 2016 seeking to dismiss Counts II and IV. ECF No. 32. On March 16, 2017, the Court denied the motion. ECF No. 47.

The moving party has the initial burden of proving the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. Once the moving party meets this burden, the non-moving party has the burden of identifying specific facts to show that, to the contrary, there exists a genuine issue of material fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("The object of [Rule 56(e)] is not to replace conclusory allegations of the complaint . . . with conclusory allegations of an affidavit."); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) ("To raise a genuine issue of material fact," the opponent must "exceed the 'mere scintilla' threshold . . . ."). A fact is "material" if a dispute "might affect the outcome of the suit under governing law," and a "genuine" issue exists as to that fact "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court's role is to determine whether there is a genuine issue for trial, not to weigh the evidence and decide the truth of the matter. *Id.* at 249.

## IV. <u>DISCUSSION</u>

FDIC-Receiver moves for summary judgment as to all Counterclaims and for Count I in the Amended Complaint. *See* ECF No. 37. FDIC-Receiver's Counterclaims can be divided into three disputed categories for claims relating to: the Appraisal, the loan charge offs, and additional amounts. For the reasons set forth below, FDIC-Receiver's motion for summary judgment is denied, and Crown Bank's cross-motion for discovery is granted.

### A. Appraisal

The following claims arise from the Appraisal dispute: the FF&E for Roselle, West New York, Union City, and Elizabeth Premises (Counts I-V); and the unpaid rent at the Failed Bank's Harrison premises (Counts VIII-IX). FDIC-Receiver argues it is entitled to summary judgment as to issues regarding the Appraisal, as "the express terms of the P&A Agreement and the undisputed facts demonstrate that Crown Bank assumed the leases for the Roselle, West New York, and Union City Bank Premises and, therefore, is required to purchase the Furniture and Equipment at those Bank Premises," at the rate of the market value and FMV as determined by the Appraiser. Memorandum of Law in Support of Defendant FDIC, as Receiver's Motion ("FDIC-Receiver Mem."), ECF No. 37-4 at 28-29, 33. Crown Bank argues that FDIC-Receiver's discussions with the Appraiser were not disclosed, that the revisions were discussed and conducted without Crown Bank's knowledge or involvement, and that these discussions and agreements between FDIC-Receiver and the Appraiser "were not in keeping with the neutral and independent valuation of the assets contemplated" by the P&A Agreement. PSSMF ¶ 18.

The Court finds there is a genuine issue of material fact as to the extent and nature of FDIC-Receiver's correspondence with the Appraiser and whether such correspondence constitutes a breach of the P&A Agreement. Accordingly, the Court denies FDIC-Receiver's motion for summary judgment as to Counterclaim Counts I-V and Counts VIII-IX and as to Crown Bank's affirmative claim of breach of contract, Count I of the Amended Complaint. The Court also grants Crown Bank's motion for discovery as to FDIC-Receiver's interaction with the Appraiser and involvement in the Appraisal process.

## B. Additional Amounts

FDIC-Receiver alleges it is entitled to summary judgment as to Counterclaim Counts VI-VII for Crown Bank's share of Appraisal fees, Counts X-XI for the security deposits for the assumed leases and Counts XII-XIII for additional amounts due. FDIC-Receiver alleges that it has satisfied its burden to show there is no genuine issue of material fact by providing: a Settlement Transaction Report reflecting the amounts for the Appraisal fees and security deposits; and a chart identified as Schedule A and Schedule B which list additional amounts due to FDIC-Receiver and Crown Bank. *See* FDIC-Receiver Mem. at 16-19; 34-35; ECF No. 19-3; ECF No. 37-2. Crown Bank argues that this evidence is not sufficient to satisfy FDIC-Receiver's burden to show there is no issue of fact, as there is "no information concerning (1) where the information in the summary chart comes from; (2) what source documentation is used to create the chart; (3) who prepared the summary chart; (4) any statement as to the accuracy of the summary chart; or (5) why the original source documentation is not available." Plaintiff's Brief in Opposition ("Pl. Br."), ECF No. 41 at 19-20. Crown Bank argues that because the evidence set forth by FDIC-Receiver would not be admissible at trial, FDIC-Receiver may not use it to meet its burden. *See id.* at 20.

The Court agrees with Crown Bank. The best evidence rule requires that "[a]n original writing, recording, or photograph is required in order to prove its content unless these rules or a federal statute provides otherwise." Fed. R. Evid. 1002. Therefore, a second hand report or chart produced by FDIC-Receiver would not be admissible at trial when the original writing would be the best evidence for the amounts alleged by FDIC-Receiver. Accordingly, FDIC-Receiver's motion to summary judgment as to Counterclaim Counts VI-VII, X-XI, and XII-XIII is denied. The Court also grants Crown Bank's motion for discovery as to the information relating to the original writings regarding the appraisal fees, security deposits, and additional amounts.

### C. Disputed Loans

FDIC-Receiver alleges it is entitled to summary judgment as to Crown Bank's affirmative claim of breach of contract (Count I) in the Amended Complaint regarding the three disputed loans. FDIC-Receiver argues because it has attached a print out of the information available to Crown Bank through the virtual data room, there is no genuine issue of material fact that the charge offs as to the 544-546 LLC and Mika Property loans occurred after June 10, 2009, and that the C.O. Jones Operations loan was present in the information provided in the virtual data room. *See* FDIC-Receiver Mem. at 36-37. Crown Bank has submitted a certification by Jacinto X. Rodrigues, the Chairman and CEO of Crown Bank, which certifies that the due diligence information provided to Crown Bank indicated that balances of the 544-546 LLC and Mika Property loans included the charge offs and that the C.O. Jones Operations loan was not included in the information provided. *See* Certification of Jacinto X. Rodrigues, December 19, 2016, ECF No. 41-2 ¶¶ 24-37.

The Court finds there is a genuine issue of material fact as to whether the charge offs in the 544-546 LLC and Mika Property loans were to take place prior to June 10, 2009, and whether the C.O. Jones Operation loan was included in the due diligence provided to Crown Bank. Accordingly, FDIC-Receiver's motion for summary judgment as to Crown Bank's affirmative Count I of breach of contract is denied. The Court also grants Crown Bank's motion for discovery as to information relating to the 544-546 LLC and Mika Property charge offs and whether the C.O. Jones Operations loan was available to Crown Bank through the due diligence information provided.

### D. Liability

FDIC-Receiver argues that "at a minimum" the Court "should grant summary judgment on liability in favor of FDIC-Receiver on its Counterclaim[s]." FDIC-Receiver's Reply

Memorandum of Law in Support, ECF No. 44 at 8. FDIC-Receiver alleges fourteen total counts of the following claims against Crown Bank: breach of contract, unjust enrichment, conversion, and breach of implied covenant of good faith and fair dealing. *See* ECF No. 31.

To state a claim for breach of contract, Plaintiff must allege four factors: "(1) a contract between the parties; (2) a breach of that contract; (3) damages flowing from there; and (4) that the party stating the claim performed its own contractual obligations."[4] *Gordon v. United Continental Holding, Inc.*, 73 F. Supp. 3d 472, 478 (D.N.J. 2014). Here, the Court finds a genuine issue of material fact as to whether FDIC-Receiver performed its own contractual obligations in its correspondence with the Appraiser and whether Crown Bank breached the contract, in that it may not be obligated to pay the amounts demanded by FDIC-Receiver.

To state a claim for unjust enrichment, a plaintiff must show "defendant received a benefit and that retention of that benefit without payment would be unjust." *Goldsmith v. Camden Cnty. Surrogate's Office*, 408 N.J. Super. 376, 382 (N.J. App. Div. 2009) (internal quotation marks omitted). Here, the Court finds a genuine issue of material fact as to whether Crown Bank's retention of the benefit received would be unjust.

To state a claim for conversion, a "[p]laintiff must prove that [d]efendants wrongfully and willfully interfered with the dominion of [p]laintiff's property in a manner inconsistent with the other person's rights in that property." *McAdam v. Dean Witter Reynolds, Inc.*, 896 F.2d 750, 771

---

[4] Section 13.4 of the P&A Agreement provides that the P&A "shall be governed by and construed in accordance with the federal law of the United States of America, and in the absence of controlling federal law, in accordance with the laws of the state in which the main office of the failed bank is located." ECF No. 28-1. As the failed bank was located in New Jersey, a breach of contract claim is typically governed by state law, and neither party has advocated otherwise, the Court will apply New Jersey contract law.

(3d Cir. 1990). Here, the Court finds a genuine issue of material fact as to whether Crown Bank wrongfully interfered with the property rights of FDIC-Receiver.

The covenant of good faith and fair dealing is implied in every contract in New Jersey and requires that neither party to a contract "shall do anything [that] will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." *Seidenberg v. Summit Bank*, 348 N.J. Super. 243, 254 (N.J. App. Div. 2002). Proof of a party's "bad motive" or "intention" must support a claim of breach of contract grounded on an alleged breach of the implied covenant of good faith and fair dealing. *See Mendez v. Avis Budget Grp., Inc.*, No. 11–6537-JLL, 2012 WL 1224708, at *6 (D.N.J. Apr. 10, 2012) (citation omitted). Here, the Court finds a genuine issue of material fact as to Crown Bank's "bad motive" or "intention."

Accordingly, FDIC-Receiver's motion for summary judgment as to liability for its Counterclaims is denied.

## V.    CONCLUSION

For the reasons set forth above, FDIC-Receiver's motion for summary judgment is denied without prejudice and Crown Bank's cross-motion for discovery is granted. An appropriate Order accompanies this Opinion.

Date: June  19  , 2017

CLAIRE C. CECCHI, U.S.D.J.